**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **TYSON AND BILLY ARCHITECTS, PC,** | § § § | |
| **Plaintiff,** | § § | |
| **V.** | § § | CIVIL ACTION NO. _____ |
| **KINGDOM PERSPECTIVES G.P., LTD., JIM LAPORTE, and JONATHAN PINO,** | § § § § § | |
| **Defendants.** | § | |

## TYSON AND BILLY ARCHITECTS, PC'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff Tyson and Billy Architects, PC ("Tyson and Billy") complains of Kingdom Perspectives G.P., Ltd. ("Kingdom Perspectives"), Jim LaPorte, and Jonathan Pino, and for cause of action shows until the Court the following:

### I. PARTIES

1. Plaintiff, Tyson and Billy Architects, PC, is an Illinois corporation with its principal place of business in the State of Illinois.

2. Defendant, Kingdom Perspectives G.P., Ltd., is a Texas Limited Partnership with its principal place of business in the State of Texas and was a co-venturer in Canton Hotel Joint Venture.

3. Defendant, Jim LaPorte, is an Individual who is a co-venturer of Texas and was a partner in Canton Hotel Joint Venture.

4. Defendant, Jonathan Pino, is an Individual who is a co-venturer of Texas and was a partner in Canton Hotel Joint Venture.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states (Tyson and Billy is a citizen of Illinois and all of the Defendants are citizens of Texas), and the amount in controversy exceeds $75,000.00, excluding interest and costs.

6. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391(b)(1).

## III. FACTUAL BACKGROUND

7. On or about May 29, 2015, Tyson and Billy entered into a contract with Canton Hotel Joint Venture (the "Contract") to provide architectural services. *See* Exhibit A. Canton Hotel Joint Venture's partners included, but were not limited to, Kingdom Perspectives G.P., Ltd., Jim LaPorte, and Jonathan Pino.

8. The Contract stated that Tyson and Billy would provide schematic design options including a preliminary site layout, draft construction documents with specifications for improvements, and to conduct construction administrative services for $228,080.00. For additional services, Canton Hotel Joint Venture agreed to compensate Tyson and Billy by a mutually agreed lump sum fee based on typical hourly rates. *See* Exhibit A.

9. Tyson and Billy provided a preliminary design, printing and reproduction, work and drawings necessary for the schematic design phase, work and drawings necessary for the contract document phase and work and drawings necessary for the bidding phase. For this work, Tyson and Billy billed $186,784.40. These invoices are attached as Exhibit B. Out of these invoices, only an initial $44,000.00 was paid.

10. Tyson and Billy's work began with a plat of Kingdom Perspectives G.P., Ltd.'s 20.94 acres of land in Van Zandt County and later included, but was not limited to, a multitude of architectural, civil, electrical, mechanical work, design and drawings.

11. On January 6, 2017, pursuant to the Texas Property Code, Plaintiff sent Defendants a demand and fund trapping letter requesting payment for the claim amount of $142,784.40.  *See* attached Exhibit C.  Payment was never received.

12. On January 25, 2017, pursuant to the Texas Property Code, an Affidavit Claiming Mechanic's and Materialman's Lien in the amount of $142,784.40 was filed in the Van Zandt County Deed Records.  *See* Exhibit D.

13. On January 25, 2017, pursuant to the Texas Property Code, Defendants were sent notice and a copy of the filed Affidavit Claiming Mechanic's and Materialman's Lien.  *See* attached Exhibit E.  No further payment was ever made.

14. On January 22, 2019, Defendants were sent a final demand for the total due under the contract, $186,784.40, and attorney's fees.  *See* attached Exhibit F.

## IV. <u>JUDICIAL FORECLOSE OF MECHANIC'S LIEN</u>

15. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

16. Plaintiff has duly recorded a mechanic's and materialman's lien on the property in question, Kingdom Perspectives G.P., Ltd.'s 20.94 acres of land in Van Zandt County, and has perfected the same.  Plaintiff is entitled to judicial foreclosure of this lien in that Defendants have failed to pay the $142,784.40 due and owing Plaintiff.

17. Plaintiff seeks judgment from the Court ordering the foreclosure of this mechanic's and materialman's lien and sale of the property subject to the lien pursuant to Texas Property Code § 53.154.

## V. BREACH OF CONTRACT

18. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

19. All conditions precedent to the performance of Kingdom Perspectives G.P., Ltd., Jim LaPorte, and Jonathan Pino under the Contract have been met.

20. The contractual obligations of Tyson and Billy have been fully performed.

21. Defendants have failed to perform their contractual obligations, specifically, Defendants failed to pay Tyson and Billy for their services.

22. Defendants' breach of contract described hereinabove has injured Plaintiff, costing Plaintiff more than $184,080.00 in damages, plus interest.

## VI. QUANTUM MERUIT

23. Pleading in the alternative, services were rendered to Defendants Kingdom Perspectives G.P., Ltd., Jim LaPorte, and Jonathan Pino directly given that Defendants received the contractual services. As a direct result, a benefit was conferred on Defendants in that the Defendants have had beneficial use and enjoyment of the services. The Defendants have accepted the benefit of Plaintiff's services.

24. The reasonable value of the services that Plaintiff provided and was left unpaid total $142,784.40. Plaintiff reasonably expects payment for the services provided because the Plaintiff has provided similar services for others for which Plaintiff has been paid, and Plaintiff does not know Defendants personally.

25. Defendants will be unjustly enriched in the amount claimed by Plaintiff allowed to retain the benefit conferred on them without payment for the reasonable value of the services provided by Plaintiff.

## VII. ATTORNEY'S FEES

26. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court, as the Court deems equitable and just, as provided by Chapter 38 of the Texas Civil Practice and Remedies Code.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Tyson and Billy, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, joint and several, for the following:

a. The sum of $184,080.00 as the principal amount owed pursuant to the Contract;

b. Judgment decreeing Plaintiff has a lien in the amount of $142,784.40 on Kingdom Perspectives G.P., Ltd.'s 20.94 acres of land in Van Zandt County as described in the Affidavit Claiming Mechanic's and Materialman's Lien;

c. An order of foreclosure of Plaintiff's lien;

d. An order of sale directing the sale be applied against the Court's judgment;

e. Pre-judgment interest at the maximum rate allowed by law;

f. Post-judgment interest at the legal rate;

g. Attorney's fees;

h. Costs of court;

    i.       Costs of collection; and

    j.       Such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

CLINT JAMES, PC

By: /s/ Clint James
Clint James, Lead Attorney
Texas Bar No. 24069988
Email:  clint@clintjamespc.com
Monique Hammond
Texas Bar No. 24102221
Email:  monique@clintjamespc.com
815 Rice Road
Tyler, TX 75703
Tel. (903) 579-0630
Fax. (903) 579-0640
Attorneys for Plaintiff