**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **TYSON AND BILLY ARCHITECTS, PC** | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **CIVIL NO. 6:19-CV-00053-JDK-JDL** |
| **VS.** | § | |
| | § | |
| | § | |
| **KINGDOM PERSPECTIVES, G.P., LTD.** | § | |
| **JIM LAPORTE and JONATHAN PINO,** | § | |
| **Defendants.** | § | |

**DEFENDANT, KINGDOM PERSPECTIVES, G.P., LTD.'S
MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant, Kingdom Perspectives, G.P., Ltd. ("Kingdom Perspectives"), respectfully moves this Court for an order dismissing Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Complaint fails to state a claim upon which relief can be granted.

**I.      INTRODUCTION**

Plaintiff claims entitlement to foreclosure of a mechanics and materialman's lien on certain property of Kingdom Perspectives by reason of work allegedly performed on the property pursuant to a contract with Canton Hotel Joint Venture, LLC. Kingdom Perspectives would show the Court that Plaintiff cannot establish the necessary privity of contract which would entitle Plaintiff to the claimed mechanic's and materialman's lien. Additionally, Plaintiff cannot establish the elements of the additional causes of action raised against Kingdom Perspectives and dismissal is warranted.

**II.      PLAINTIFF'S COMPLAINT**

Plaintiff claims entitlement to foreclosure of a Mechanic's and Materialman's Lien pursuant to the Texas Property Code. However, the Complaint specifically states that the contract

upon which Plaintiff relies to establish its entitlement to the lien was an agreement between Plaintiff and an entity called "Canton Hotel Joint Venture." The complaint does not fully disclose that, in fact, the entity is actually a Texas Limited Liability Company.[1]

Plaintiff may very well have provided services for which it was not paid, but it did not have a contract with Kingdom Perspectives upon which it can claim benefit. Additionally, Plaintiff's claim for *quantum meruit* fails to allege any specific benefit rendered to Kingdom Perspectives. In short, Plaintiff's complaint fails to state any viable claim for relief against Kingdom Perspectives.

## IV.    STANDARD FOR RULE 12(B)(6) MOTION TO DISMISS

In analyzing the sufficiency of Plaintiff's Complaint under  Rule 12(b)(6) of the Federal Rules, the Court is guided by the Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*,  550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). These cases set forth the pleading standards applicable to evaluate Plaintiff's claims of disability discrimination.  *Iqbal*, 556 U. S. at 684.

To withstand dismissal, a complaint must set forth factual allegations that, taken as true, "state a claim that is *plausible on its face*." *Twombly*, 550 U.S. at 570 (emphasis added). To be plausible on its face, a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When considering plausibility, a court disregards legal conclusion, labels, formulaic recitations of elements, and conclusory statements. *Id*. at 678; *Twombly*, 550 U.S. at 555.  A court also need not consider baseless factual allegations, including those that are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The court then determines whether

---

[1] See: Ex A - Articles of Organization of Canton Hotel Joint Venture.

the remaining factual allegations, if taken as true, set forth *facts* sufficient to allege each element of the claim and establish a "plausible claim" for relief. *Iqbal*, 556 U.S. at 678-79. If the remaining allegations create no more than speculation that the defendant acted unlawfully, the motion to dismiss should be granted.  *Id.*; *Twombly*, 550 U.S. at 555.

In short, a complaint may be dismissed if it lacks a cognizable legal theory or alleges insufficient facts under a cognizable legal claim. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see also SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). To withstand a challenge under Rule 12(b)(6), the complaint "must provide the plaintiff's grounds for entitlement to relief -- including factual allegations that when assumed to be true "raise a right to relief above the speculative level." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

The importance of this evaluation cannot be overstated. The plausibility standard ensures that "defendant is not forced to undergo costly discovery unless the complaint contains enough detail…to indicate that the plaintiff has a substantial case." *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 802-803 (7th Cir. 2008). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id.* (quoting *Twombly*, 550 U.S. at 558).

This requirement is particularly relevant here, since, in this case, Plaintiff -- relying on mere conclusory allegations and without factual averments that set forth cognizable claims -- makes unsupported claims of entitlement to a mechanic's and materialman's lien, breach of contract and *quantum meruit.*

### V.      PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED

To assess the sufficiency of a complaint under Rule 12(b)(6), courts follow a two-step process. *Iqbal*, 556 U.S. at 679-80. First, a reviewing court identifies all legal conclusions "that are not entitled to the assumption of truth" and removes those allegations from the court's sufficiency analysis. Then, a court determines whether the remaining factual allegations, if taken as true, set forth facts sufficient to allege each element of the claim and establish a plausible claim for relief.  *Id*. at 678-80.   Plaintiff's Complaint does not withstand this analysis.

#### A.      PLAINTIFF HAS NOT PLEADED FACTS CAPABLE OF SUPPORTING A CLAIM FOR FORECLOSURE OF A TEXAS MECHANIC'S AND MATERIALMAN'S LIEN

Plaintiff cannot establish under the Complaint that Kingdom Perspectives was a party to any contract for services with Plaintiff - which is an essential element of Plaintiff's claim for a mechanic's and materialman's lien. The Texas Property Code requires a materialman to act "under or by virtue of *a contract with the owner or owner's agent* ..." To be entitled to a lien on the property.  Tex. Prop. Code Ann. § 53.021(a)(2).(emphasis added)

Plaintiff claims to have a contract with Canton Hotel Joint Venture.[2] Canton Hotel Joint Venture is a Texas Limited Liability Company; however, Plaintiff alleges that Kingdom Perspective, Jim LaPorte and Jonathan Pino are 'partners' of the company. A Texas limited liability company does not have partners, its owners are 'members.'[3] Generally, members are not individually liable for the debts of a limited liability company. *McCarthy v. Wani Venture, A.S.*, 251 S.W.3d 573, 590 (Tex.App.–Houston [1st Dist.] 2007, pet. denied). See also: *Sanchez v. Mulvaney*, 274 S.W.3d 708, 712 (Tex. App. 2008).

Canton Hotel Joint Venture is a limited liability company to which state law principles for

---

[2] Complaint ¶7.
[3] Texas Bus.Org.Code §101.101, *et seq.*

piercing the corporate veil apply. *Id*. Therefore, Plaintiff can hold Kingdom Perspectives liable for Canton Hotel Joint Venture's alleged breach of its contractual obligations only to the extent Plaintiff can pierce the corporate veil. See *Willis v. Donnelly*, 199 S.W.3d 262, 271 (Tex.2006); *Sanchez v. Mulvaney*, 274 S.W.3d at 712.

The Complaint is devoid of any allegation that would allow Plaintiff to pierce the corporate veil of the limited liability company which would create liability on the part of Kingdom Perspectives.

Furthermore, Texas law provides that the owner of the land to be affected must be a party to the contract creating the lien. A stranger to the title cannot create a valid lien on land. *Hubert Lumber Company, Inc. v. King*, 468 S.W.2d 503 (Tex.Civ.App. Houston (1st Dist.) 1971, writ ref'd n.r.e.). The Complaint fails to allege that Canton Hotel Joint Venture, LLC holds a fee simple interest in the Kingdom Perspective property.  Therefore, regardless of the services provided by Plaintiff to Canton Hotel Joint Venture, LLC, Plaintiff is not entitled to a lien on Kingdom Perspectives' property.

Texas courts have long held that a mechanic's and materialman's lien attaches to the interest of the person contracting for construction. *Commercial Structures & Interiors, Inc. v. Liberty Educ. Ministries, Inc*., 192 S.W.3d 827, 835 (Tex.App.-Fort Worth 2006, no pet.) (quoting *Diversified Mortgage Investors v. Lloyd D. Blaylock Gen. Contractor, Inc*., 576 S.W.2d 794, 805 (Tex.1978)). When a lessee contracts for construction, any resulting mechanic's lien attaches only to the leasehold interest and not to the fee interest of the lessor. *Id*.; *2811 Assocs. Ltd v. Metroplex Lighting & Elec*., 765 S.W.2d 851, 853 (Tex.App.-Dallas 1989, writ denied); see also *Schneider v. Delwood Ctr., Inc*., 394 S.W.2d 671, 673 (Tex.Civ.App.-Austin 1965, writ ref'd n.r.e.) (explaining that rights of contractor or materialman can rise no higher than those of person with

whom he contracted). Unless the owner of the land is also a party to the construction contract or the lessee is acting as the authorized agent of the lessor, no mechanic's lien attaches to the fee estate. *Inman v. Orndorff*, 596 S.W.2d 236, 238 (Tex.Civ.App.-Houston [1st Dist.] 1980, no writ); *Rosen v. Peck*, 445 S.W.2d 241, 243 (Tex.Civ.App.-Waco 1969, no writ). The Complaint makes no allegation which connects Plaintiff's contract for services to the Kingdom Perspectives property; therefore, no lien can attach to Kingdom Perspectives' title to the property. Consequently, Kingdom Perspectives is entitled to have the lien removed.

### B.      PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT FOR A BREACH OF CONTRACT CLAIM

The elements of a breach of contract claim include (1) the existence of a valid contract, (2) performance or tendered performance, (3) breach of the contract, and (4) damage as a result of the breach. See *Critchfield v. Smith*, 151 S.W.3d 225, 233 (Tex.App.–Tyler 2004, pet. denied). The plaintiff is required to prove the following elements underlying the formation of a valid and binding contract: (1) an offer, (2) acceptance in strict compliance with the terms of the offer, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding. *Id.*

The Complaint contains no allegation of an agreement between Plaintiff and Kingdom Perspectives. The Complaint alleges the contrary – that there was an agreement with Canton Hotel Joint Venture, not Kingdom Perspectives.

The Complaint further makes no allegation that Kingdom Perspectives agreed to pay Plaintiff anything - which is an essential element of the breach of contract claim. There is no allegation of a meeting of the minds with regard to the terms of any alleged agreement to pay Plaintiff.  Plaintiff also cannot establish that it performed any services under any alleged written agreement with Kingdom

Perspectives. (see: Complaint ¶7) Kingdom Perspectives is entitled to dismissal on the breach of contract claim as a matter of law.

### C.   PLAINTIFF FAILS TO ALLEGE A FACTUALLY SUFFICIENT CLAIM FOR *QUANTUM MERUIT*

*Quantum meruit* is an equitable remedy which does not arise out of a contract but is independent of it. *Colbert v. Dallas Joint Stock Land Bank*, 129 Tex. 235, 102 S.W.2d 1031, 1034 (1937). Generally, a party may recover under *quantum meruit* only when there is no express contract covering the services or materials furnished. *Truly v. Austin*, 744 S.W.2d 934, 936 (Tex.1988). This remedy "is based upon the promise implied by law to pay for beneficial services rendered and knowingly accepted." *Id*. See *Campbell v. Northwestern National Life Insurance Co.*, 573 S.W.2d 496, 498 (Tex.1978). Recovery in *quantum meruit* will be had when nonpayment for the services rendered would "result in an unjust enrichment to the party benefited by the work." *City of Ingleside v. Stewart*, 554 S.W.2d 939, 943 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.).  Recognizing that *quantum meruit* is founded on unjust enrichment, this court set out the elements of a *quantum meruit* claim in *Bashara v. Baptist Memorial Hospital System*, 685 S.W.2d 307, 310 (Tex.1985). To recover under *quantum meruit* a claimant must prove that: 1) valuable services were rendered or materials furnished; 2) for the person sought to be charged; 3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; 4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged. *Id.* (quoting *City of Ingleside*, 554 S.W.2d at 943); *Vortt Expl. Co. v. Chevron U.S.A., Inc.,* 787 S.W.2d 942, 944 (Tex. 1990).

The Complaint makes no allegation that any alleged services were valuable to Kingdom Perspectives. The complaint dictates a contrary conclusion. Plaintiff alleges that it rendered

valuable service to Canton Hotel Joint Venture, not Kingdom Perspectives. Plaintiff again fails to allege an essential element of its *quantum meruit* claim. Therefore, Plaintiff makes no allegation of a causal connection between anything it allegedly did and any benefit to Kingdom Perspectives. Plaintiff's *quantum meruit* claim should be dismissed.

## VI.    CONCLUSION

Even a cursory review of Plaintiff's Complaint in this case reveals that it is devoid of well pleaded facts that it is entitled to a Texas mechanic's and materialman's lien, that Kingdom Perspectives breached any agreement with Plaintiff or that Plaintiff is entitled to a *quantum meruit* recovery. Plaintiff fails to satisfy the pleading standard established by the United States Supreme Court. The claims in the Complaint should, thus, be dismissed under Rule 12(b)(6) because of Plaintiff's failure to plead claims upon which relief can be granted.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
HOMMEL LAW FIRM
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
(903) 596-7100
(469) 533-1618 Facsimile

ATTORNEY FOR DEFENDANT
KINGDOM PERSPECTIVES, G.P.,LTD.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Defendant's Motion to Dismiss

has been served on all counsel of record on this the 18th day of March, 2019.


/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.