# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **TYSON AND BILLY ARCHITECTS, P.C.** | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CASE NO. 6:19-CV-53 (JDK/JDL) |
| | § | |
| **KINGDOM PERSPECTIVES G.P., LTD.,** | § | |
| **ET AL.** | § | |
| | § | |
| Defendants | | |

## ELECTRONICALLY STORED INFORMATION (ESI) ORDER

The Court ORDERS as follows:

1. This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This order may be modified in the court's discretion or by agreement of the parties. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 conference. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3. A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata. However, fields showing the date and time that the document

was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.

5. Absent agreement of the parties or further order of this court, the following parameters shall apply to ESI production:

    A.    **General Document Image Format.** The parties have agreed to produce documents in .pdf format. If a dispute arises following .pdf production, the procedure shall be as default, following further agreement of the parties:

**Documents from hard copy sources**

The parties will produce documents originating from hard copy sources ("Hard Copy Documents") and attachments in .pdf format (black and white, 300 dpi) in searchable OCR format, along with the below-listed metadata fields when available. The "Hard Copy Documents" will be produced as they exist in hard copy and will not be produced as single page files. However, the parties may choose to produce "Hard Copy Documents" as a single .pdf file. The parties will provide a Bates number for each page produced.

**Electronically Stored Information**

Each electronic document shall be produced in their native format. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

    B.    **Text-Searchable Documents.** No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

  C. **Footer**. Each document image shall contain a footer with a sequentially ascending production number.

  D. **Native Files.** A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

  E. **No Backup Restoration Required**. Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

  F. **Voicemail and Mobile Devices.** Absent a showing of good cause, voicemails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

6. The parties have agreed to produce relevant emails to one another, and as such, the parties shall proceed under their agreement. Subject to the parties' agreement, if there is later disagreement that cannot be resolved, although the parties can seek relief from the court as necessary, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). If a dispute arises, to obtain e-mail, parties must propound specific e-mail production requests.

7. The parties have agreed to produce relevant emails to one another, and as such, the parties shall proceed under their agreement. Subject to the parties' agreement, if there is later disagreement that cannot be resolved, although the parties can seek relief from the court as

necessary, e-mail production requests shall be phased to occur timely after the parties have exchanged initial disclosures, a specific listing of likely e-mail custodians, and a specific identification of the fifteen most significant listed e-mail custodians in view of the pleaded claims and defenses. A "specific identification" requires a short description of why the custodian is believed to be significant. The exchange of this information shall occur at the time required under the Federal Rules of Civil Procedure, Local Rules, or by order of the court. Each requesting party may also propound up to five written discovery requests and take one deposition per producing party to identify the proper custodians, proper search terms, and proper time frame for e-mail production requests. The court may allow additional discovery upon a showing of good cause.

8.  The parties have agreed to produce relevant emails to one another, and as such, the parties shall proceed under their agreement. Subject to the parties' agreement, if there is later disagreement that cannot be resolved, although the parties can seek relief from the court as necessary, e-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame. Each requesting party shall limit its e-mail production requests to a total of eight custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.

9.  The parties have agreed to produce relevant emails to one another, and as such, the parties shall proceed under their agreement. Subject to the parties' agreement, if there is later disagreement that cannot be resolved, although the parties can seek relief from the court as

**Page 4**

necessary, each requesting party shall limit its e-mail production requests to a total of ten search terms per custodian per party. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is

encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

10. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

11. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

12. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

**So ORDERED and SIGNED this 11th day of April, 2019.**

                                                  */s/ John D. Love*
                                                  JOHN D. LOVE
                                            UNITED STATES MAGISTRATE JUDGE