**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **TYSON AND BILLY ARCHITECTS, PC,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO: 6:19-cv-00053-JDK-JDL** |
| **KINGDOM PERSPECTIVES G.P., LTD.,** | § | |
| **JIM LAPORTE, and JONATHAN** | § | |
| **PINO,** | § | |
| | § | |
| **Defendants** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **CHAD ENCHEFF AND C&E GROUP,** | § | |
| **INC.** | § | |
| **Cross-Defendants** | § | |

**DEFENDANT'S ORIGINAL ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW Defendant, Kingdom Perspectives G.P., Ltd. ("Defendant" and/or "Kingdom Perspectives"), and files this, its Original Answer and Affirmative Defenses to Plaintiff's Original Complaint, ("Plaintiff's Complaint"). Defendant responds to Plaintiff's Complaint by correspondingly numbered and designated paragraphs.   All allegations not specifically admitted are denied.

## I.     PARTIES

1.      Defendant is without sufficient information to admit or deny where Plaintiff is incorporated or where its principal place is located.

2.      Defendant admits it is authorized to do business in Texas. Defendant admits it is a Texas Limited Partnership with its principal place of business in the State of Texas. Defendant

denies that it was a 'co-venturer' in Canton Hotel Joint Venture.

3.      Defendant is without sufficient information to admit or deny the allegations in the Paragraph 3 of Plaintiff's Complaint. Therefore, Defendant denies the allegations in Paragraph 3 of Plaintiff's Complaint.

4.      Defendant is without sufficient information to admit or deny the allegations in the Paragraph 4 of Plaintiff's Complaint. Therefore, Defendant denies the allegations in Paragraph 4 of Plaintiff's Complaint.

## II.      JURISDICTION AND VENUE

5.      Defendant does not contest jurisdiction.

6.      Defendant does not contest venue.

## III.      FACTUAL BACKGROUND

7.      Defendant denies the allegations in Paragraph 7 of Plaintiff's Complaint.

8.      Defendant denies the allegations in Paragraph 8 of Plaintiff's Complaint.

9.      Defendant is without sufficient information to admit or deny the allegations in the Paragraph 9 of Plaintiff's Complaint. Therefore, Defendant denies the allegations in Paragraph 9 of Plaintiff's Complaint.

10.      Defendant is without sufficient information to admit or deny the allegations in the Paragraph 10 of Plaintiff's Complaint. Therefore, Defendant denies the allegations in Paragraph 10 of Plaintiff's Complaint.

11.      Defendant admits the allegations in the Paragraph 11 of Plaintiff's Complaint.

12.      Defendant admits the allegations in the Paragraph 12 of Plaintiff's Complaint.

13.      Defendant admits the allegations in the Paragraph 13 of Plaintiff's Complaint.

14.      Defendant admits the allegations in the Paragraph 14 of Plaintiff's Complaint.

## IV.     CAUSES OF ACTION

### JUDICIAL FORECLOSURE OF MECHANIC'S LIEN

15.     Defendant incorporates by reference its responses to the allegations of Paragraphs 1 – 14.

16.     Defendant denies that Plaintiff has 'duly recorded a mechanic's and materialman's lien on the property.' Plaintiff has filed an affidavit claiming a mechanic's and materialman's lien on the property. Defendant denies that Plaintiff is entitled to a mechanic's and materialman's lien on its property. Defendant further denies that Plaintiff is entitled to a judicial foreclosure of a mechanics' s and materialman's lien on its property.

17.     Defendant requests that the Court deny Plaintiff's request for a foreclosure of a mechanic's and materialman's lien on its property.

### BREACH OF CONTRACT

18.     Defendant incorporates by reference its responses to the allegations of Paragraphs 1 – 14.

19.     Defendant denies that all conditions precedent to the performance of Kingdom Perspectives under the "Contract" have been met.

20.     Defendant is without sufficient information to admit or deny the allegations in the Paragraph 20 of Plaintiff's Complaint. Therefore, Defendant denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21.     Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint.

### QUANTUM MERUIT

23.     Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.     Defendant is without sufficient information to admit or deny the allegations in the Paragraph 24 of Plaintiff's Complaint with regard to the value of any services allegedly rendered by Plaintiff. Therefore, Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25.     Defendant denies the allegations contained in Paragraph 25 of the Complaint.

ATTORNEY'S FEES

26.     Defendant requests that the Court deny any request for attorney's fees and costs as alleged in Paragraph 26 of the Complaint.

## V.   PRAYER FOR RELIEF

27.     Defendant denies that Plaintiff is entitled to any of the relief demanded in the prayer in Plaintiff's Complaint.

## VI.   JURY TRIAL DEMAND

28.     Defendant requests a jury trial.

## VII.    AFFIRMATIVE DEFENSES

For further answer, if such be necessary, Defendant asserts the following affirmative defenses and would show the Court the following:

29.     Any action taken made with regard to Plaintiff's work on the project in question were taken without authorization from Defendant.

30.     Defendant denies that it was a joint venturer in Canton Hotel Joint Venture as alleged. Canton Hotel Joint Venture, LLC was a duly formed limited liability company in the State of Texas; however, the stated purpose of Canton Hotel Joint Venture, LLC was never achieved.

31.     Defendant claims that the work claimed by Plaintiff to have performed regarding

the hotel project in question was performed by Plaintiff as a result of an agreement with Chad Encheff and/or C&E Group, Inc. and not as a result of any agreement with Defendant or anyone authorized to act on behalf of Defendant.

32.     Defendant would show that Plaintiff's claims are barred, in whole or in part, by failure to perform necessary conditions precedent.

33.     Defendant would show that Plaintiff's claims are frivolous, unreasonable or without foundation, and Defendant is entitled to recover attorneys' fees, experts' fees and costs  in defending this litigation.

34.     To the extent any damages were suffered by Plaintiff, Plaintiff has failed to mitigate its damages.

35.     Defendant is entitled to an offset to the extent of any mitigation by Plaintiff, and Plaintiff is not entitled to recover damages for any period of time in which Plaintiff failed to mitigate the alleged damages.

36.     Plaintiff's claims are barred by the doctrine of unclean hands, estoppel and/or after-acquired evidence by reason of Plaintiff's conduct and actions.

37.     Plaintiff failed to take necessary and appropriate steps to avoid the consequences set forth in the Complaint.

38.     Plaintiff has waived the claims and causes of action asserted herein and/or is estopped from maintaining this suit or asserting its claims and causes of action. This is because, among other reasons, Plaintiff has failed to establish a contract with Defendant.

39.     Plaintiff did not sustain any injuries or damages as a result of any act or omission by Defendant.

40.     Plaintiff has failed to comply with all statutory deadlines, and Defendant would

show that Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations regarding entitlement to a mechanic's and materialman's lien.

41.     Defendant reserves the right to plead additional affirmative defenses after the conclusion of discovery, or as necessary.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests the Court to Order that Plaintiff take nothing by way of any of its claims; that this action be dismissed with prejudice; that the Court award to Defendant its costs, including reasonable attorneys' fees incurred in this action; and that the Court grant Defendant all other relief to which it may be justly entitled.

Respectfully submitted,


/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
HOMMEL LAW FIRM
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
(903) 596-7100
(469) 533-1618 Facsimile

ATTORNEY FOR DEFENDANT
KINGDOM PERSPECTIVES, G.P.,LTD.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Defendant's Original Answer has been served on all counsel of record on this the 3rd day of May, 2019.

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.