IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TYSON AND BILLY ARCHITECTS, PC | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO.6:19-CV-00053-JDK-JDL |
| KINGDOM PERSPECTIVES G.P., LTD., JIM LAPORTE, and JONATHAN PINO, Defendants. | § § § § § | |

## DEFENDANT, JIM LAPORTE'S, ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Defendant, Jim LaPorte, and files this, his Original Answer and Affirmative Defenses to Plaintiff's Original Complaint, ("Plaintiff's Complaint"). Defendant responds to Plaintiff's Complaint by correspondingly numbered and designated paragraphs. All allegations not specifically admitted are denied.

### I. PARTIES

1. Defendant is without sufficient information to admit or deny where Plaintiff is incorporated or where its principal place is located.

2. Defendant is without sufficient information to admit or deny the allegations in the Paragraph 2 of Plaintiff's Complaint. Therefore, Defendant denies the allegations in Paragraph 2 of Plaintiff's Complaint.

3. Defendant denies that he was a "co-venturer" of Texas and denies he was a partner in Canton Hotel Joint Venture.

4. Defendant is without sufficient information to admit or deny the allegations in the

Paragraph 4 of Plaintiff's Complaint. Therefore, Defendant denies the allegations in Paragraph 4 of Plaintiff's Complaint.

## II. JURISDICTION AND VENUE

5. Defendant does not contest jurisdiction.

6. Defendant does not contest venue.

## III. FACTUAL BACKGROUND

7. Defendant denies the allegations in Paragraph 7 of Plaintiff's Complaint.

8. Defendant denies the allegations in Paragraph 8 of Plaintiff's Complaint.

9. Defendant is without sufficient information to admit or deny the allegations in the Paragraph 9 of Plaintiff's Complaint. Therefore, Defendant denies the allegations in Paragraph 9 of Plaintiff's Complaint.

10. Defendant is without sufficient information to admit or deny the allegations in the Paragraph 10 of Plaintiff's Complaint. Therefore, Defendant denies the allegations in Paragraph 10 of Plaintiff's Complaint.

11. Defendant admits the allegations in the Paragraph 11 of Plaintiff's Complaint.

12. Defendant admits the allegations in the Paragraph 12 of Plaintiff's Complaint.

13. Defendant admits the allegations in the Paragraph 13 of Plaintiff's Complaint.

14. Defendant admits the allegations in the Paragraph 14 of Plaintiff's Complaint.

## IV. CAUSES OF ACTION

### JUDICIAL FORECLOSURE OF MECHANIC'S LIEN

15. Defendant incorporates by reference its responses to the allegations of Paragraphs 1 – 14.

16. Defendant admits that Plaintiff has filed an affidavit claiming a mechanic's and materialman's lien on the property. Defendant denies any ownership in the property.

17. Defendant denies any ownership of the property, denies that he ever had a duty to pay Plaintiff $142,84.40 as Defendant was never a party to the contract and owes Plaintiff nothing.

## BREACH OF CONTRACT

18. Defendant incorporates by reference its responses to the allegations of Paragraphs 1 – 14.

19. Defendant denies that all conditions precedent to the performance of Jim LaPorte under the "Contract" have been met.

20. Defendant is without sufficient information to admit or deny the allegations in the Paragraph 20 of Plaintiff's Complaint. Therefore, Defendant denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

## QUANTUM MERUIT

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant is without sufficient information to admit or deny the allegations in the Paragraph 24 of Plaintiff's Complaint with regard to the value of any services allegedly rendered by Plaintiff. Therefore, Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

ATTORNEY'S FEES

26. Defendant requests that the Court deny any request for attorney's fees and costs as alleged in Paragraph 26 of the Complaint.

## V. PRAYER FOR RELIEF

27. Defendant denies that Plaintiff is entitled to any of the relief demanded in the prayer in Plaintiff's Complaint.

## VI. JURY TRIAL DEMAND

28. Defendant requests a jury trial.

## VII. AFFIRMATIVE DEFENSES

For further answer, if such be necessary, Defendant asserts the following affirmative defenses and would show the Court the following:

29. Any action taken made with regard to Plaintiff's work on the project in question were taken without authorization from Defendant.

30. Defendant denies that he was a joint venturer in Canton Hotel Joint Venture as alleged. Canton Hotel Joint Venture, LLC was a duly formed limited liability company in the State of Texas; however, the stated purpose of Canton Hotel Joint Venture, LLC was never achieved.

31. Defendant claims that the work claimed by Plaintiff to have performed regarding the hotel project in question was performed by Plaintiff as a result of an agreement with Chad Encheff and/or C&E Group, Inc. and not as a result of any agreement with Defendant nor anyone authorized to act on behalf of Defendant.

32. Defendant would show that Plaintiff's claims are barred, in whole or in part, by failure to perform necessary conditions precedent.

33. Defendant would show that Plaintiff's claims are frivolous, unreasonable or without foundation, and Defendant is entitled to recover attorneys' fees, experts' fees and costs in defending this litigation.

34. To the extent any damages were suffered by Plaintiff, Plaintiff has failed to mitigate its damages.

35. Defendant is entitled to an offset to the extent of any mitigation by Plaintiff, and Plaintiff is not entitled to recover damages for any period of time in which Plaintiff failed to mitigate the alleged damages.

36. Plaintiff's claims are barred by the doctrine of unclean hands, estoppel and/or after-acquired evidence by reason of Plaintiff's conduct and actions.

37. Plaintiff failed to take necessary and appropriate steps to avoid the consequences set forth in the Complaint.

38. Plaintiff has waived the claims and causes of action asserted herein and/or is estopped from maintaining this suit or asserting its claims and causes of action. This is because, among other reasons, Plaintiff has failed to establish a contract with Defendant.

39. Plaintiff did not sustain any injuries or damages as a result of any act or omission by Defendant.

40. Defendant reserves the right to plead additional affirmative defenses after the conclusion

of discovery, or as necessary.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests the Court to Order that Plaintiff take nothing by way of any of its claims; that this action be dismissed with prejudice; that the Court award to Defendant his costs, including reasonable attorneys' fees incurred in this action; and that the Court grant Defendant all other relief to which he may be justly entitled.

Respectfully submitted,

Monte J. White & Associates, P.C.

By: */s/ Monte J. White*
MONTE J. WHITE
Texas Bar No. 00785232
Email: John@montejwhite.com
1106 Brook Ave.
Wichita Falls, TX 76301
Tel. (940) 723-0099
Fax. (940) 723-0096
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service on this May 29, 2019, Local Rule CV-5(a)(3)(A).

*/s/ Monte J. White*
MONTE J. WHITE

STATE OF TEXAS §
§
COUNTY OF OAKLAND §

## VERIFICATION

BEFORE ME, the undersigned authority, on this day personally appeared James B. LaPorte,, the affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant testified:

"My name is James B. LaPorte. I have read the Defendant, Jim LaPorte's Original Answer. The facts stated in it are within my personal knowledge and are true and correct."

_____
James B. LaPorte

SWORN AND SUBSCRIBED TO BEFORE ME on MAY 28, 2019,

by James B. LaPorte.

_____
Notary Public, State of Texas

(Seal)

LINDA M PIERCE
Notary Public - State of Michigan
County of Oakland
My Commission Expires Jan 13, 2026
Acting in the County of OAKLAND