UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
———
No. 6:19-cv-00053
———

**TYSON AND BILLY ARCHITECTS, PC**
Plaintiff,

v.

**KINGDOM PERSPECTIVES, G.P., LTD.
JIM LAPORTE AND JONATHAN PINO,**
Defendant.

v.

**CHAD ENCHEFF AND C&E GROUP, INC.**
———
Before BARKER, *District Judge*
———


**ORDER GRANTING JOINT MOTION TO EXTEND DEADLINES**

On this the 20th day of September, 2019, came on for consideration the Joint Motion to Extend Deadlines in the above-styled and numbered cause. The Court, after considering said Motion, announced that it was of the opinion that said Motion should be granted.

It is, therefore, ORDERED, ADJUDGED AND DECREED that the Joint Motion to Extend Deadlines is hereby in all things GRANTED.

It is further Ordered that the following deadlines are now in effect:

| April 20, 2020 | 9:30 a.m. JURY SELECTION AND TRIAL before Judge J. Campbell Barker, 211 W. Ferguson St., 3rd Floor, Tyler, Texas. |
|---|---|
| March 26, 2020 | A **pretrial conference** will be conducted, in person, before Judge John D. Love, 211 W. Ferguson St., 2nd Floor, Tyler, Texas at 9:00 A.M.<br><br>Lead counsel for each party must attend, or, if the party is proceeding *pro se*, the party must attend. Lead counsel and *pro se* parties must have authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expense of trial. All pretrial motions not previously decided will be resolved at that time, and procedures for trial will be discussed. |

| March 20, 2020 | **File responses to motions *in limine*, if any.** |
|---|---|
| March 17, 2020 | **File a notice of time requested for (1) *voir dire*, (2) opening statements, (3) direct and cross examinations, and (4) closing arguments.** |
| March 10, 2020 | **File motions *in limine*, if any, and pretrial objections.**<br><br>Motions *in limine* should not be filed as a matter of course. The parties are **ordered** to meet and confer to resolve any disputes before filing any motion *in limine*. Replies to responses are not permitted except by leave of court. |
| March 23, 2020 | Settlement-conference deadline.<br><br>See additional details below. |
| March 23, 2020 | Exchange exhibits.<br><br>Each party intending to offer exhibits shall **serve a complete set** of marked exhibits (including demonstrative exhibits) to all opposing parties and **shall deliver a set of marked exhibits to the judge's chambers** (except for large or voluminous items that cannot be easily reproduced). |
| March 6, 2020 | **File joint final pretrial order, joint proposed jury instructions with citation to authority, and form of the verdict for jury trials**.<br><br>See additional details below.<br><br>Proposed findings of fact and conclusions of law with citation to authority for issues tried to the bench. |

| | |
|---|---|
| **March 6, 2020** | **Notice of request for daily transcript or real-time reporting of court proceedings due.**<br><br>If a daily transcript or real-time reporting of court proceedings is requested for trial or hearings, every party making said request shall file a notice with the court. |
| **March 1, 2020** | Objections to pretrial disclosures.<br><br>Each party must serve a list disclosing any **objections** and the relevant grounds, including any objections under Federal Rules of Evidence 402 and 403, to:<br>(1) any other party's deposition designation;<br>(2) the admissibility of disclosed exhibits; and<br>(3) the use of any witnesses.<br><br>Any objections not so disclosed, other than objections under Rules 402 and 403, are waived unless excused by the court for good cause. The parties are **ordered** to meet and confer to resolve any disputes before filing any objections to pretrial disclosures. |
| **February 26, 2020** | Exchange rebuttal deposition designations.<br><br>For rebuttal designations, cross-examination line and page numbers must be included. |
| **February 16, 2020** | Exchange pretrial disclosures (witness list, deposition designations, and exhibit list).<br><br>Parties must make all disclosures required by Federal Rule of Civil Procedure 26(a)(3)(A)-(B). Any party who proposes to offer deposition testimony shall serve a disclosure identifying the line and page numbers to be offered. |

| | |
|---|---|
| **January 20, 2020** | **Deadline for all dispositive motions and any other motions that may require a hearing (including *Daubert* motions).** <br><br> Motions shall comply with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |
| **December 31, 2019** | Discovery deadline <br><br> All discovery—including expert discovery—shall be completed by this date. The parties may agree to extend this discovery deadline, provided that (1) the extension **does not affect** the trial setting, dispositive-motions deadline, challenges to experts deadline, or pretrial submission dates; and (2) the parties jointly file with the court written notice of the extension. |
| **November 11, 2019** | Mediation deadline <br><br> Within **seven days** after the mediation, the parties shall **jointly prepare and file a written report**, which shall be signed by counsel for each party, detailing the date on which the mediation was held, the persons present (including the capacity of any representative), and the outcome of the mediation. |
| **November 22, 2019** | Parties may provide further expert disclosure of expert testimony or evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) within 30 days of the disclosure contradicted or rebutted. |
| **October 12, 2019** | Party without the burden of proof on an issue shall file a written designation of the name and address of each **expert witness**, if any, who will testify at trial for that party and shall otherwise comply with Federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b). |

| | |
|---|---|
| **October 12, 2019** | Party with the burden of proof on an issue shall file a written designation of the name and address of each **expert witness**, if any, who will testify at trial for that party and shall otherwise comply with Federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b). |
| **Completed** | Deadline for motions for leave to join parties or amend pleadings.<br><br>Parties may petition the court to modify this deadline for good cause. |
| **Completed** | File notice of mediator<br><br>The parties must jointly file a notice that either identifies an agreed-upon mediator (with a proposed order appointing the mediator) or indicates that no agreement was reached. If the parties do not reach an agreement, the court will appoint a mediator. If the parties do agree upon a mediator, the parties must, before filing the notice identifying the agreed-upon mediator, schedule mediation to occur before this order's mediation deadline and state the scheduled mediation date in the notice. |

If any of these dates fall on a weekend or court holiday, the deadline is modified to be the next court business day. Also note that all deadlines in this order are for **filing** or **delivery**, **not mailing** dates.

Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure and the local rules of this court must be observed.

### Settlement conference and status report

**1. Settlement conference**

By the deadline provided above, the parties and their respective lead counsel shall hold a **face-to-face meeting** to discuss **settlement** of this case. Individual parties and their counsel shall participate in person, not by telephone or other remote means. All other

parties shall participate by both (1) counsel and (2) a representative or representatives who shall have unlimited settlement authority and who shall participate in person, not by telephone or other remote means. If a party has liability-insurance coverage as to any claim made against that party in this case, a representative of each insurance company providing such coverage, who shall have full authority to offer policy limits in settlement, shall be present at and participate in the meeting in person, not by telephone or other remote means.

2. **Joint settlement report**

Within **seven days** after the settlement conference, the parties shall **jointly prepare and file a written report**, which shall be signed by counsel for each party, detailing the date on which the meeting was held, the persons present (including the capacity of any representative), a statement regarding whether meaningful progress toward settlement was made, and a statement regarding the prospects of settlement.

**Pretrial materials**

1. **Pretrial order**

Plaintiff's counsel shall file the **joint pretrial order**, which must include each matter listed in the final pretrial order that is available on Judge Barker's website and the **estimated length of trial**. If counsel for any party does not participate in the preparation of the joint pretrial order, opposing counsel shall submit a separate pretrial order with an explanation of why a joint order was not submitted (so that the court can impose sanctions, if appropriate). Each party may present its version of any disputed matter in the joint pretrial order; therefore, failure to agree upon content or language **is not an excuse for submitting separate pretrial orders**. When the joint pretrial order is approved by the court, it will control all subsequent proceedings in this case.

2. **Witness list**

Each party shall file a **witness list** using the template available on Judge Barker's website.

If any witness needs an interpreter, please so note on the witness list. It is the obligation of the party offering such a witness to arrange for an interpreter to be present at trial.

**3. Exhibit list**

Each party shall file a **list of exhibits (including demonstrative exhibits)** to be offered at trial using the template available on Judge Barker's website. The list of exhibits shall describe with specificity the documents or things in numbered sequence. The documents or things to be offered as exhibits shall be numbered by attachment of physical or digital exhibit stickers to correspond with the sequence on the exhibit list and identify the party submitting the exhibit. This is a modification of Local Rule CV-26.2(b), (c). Do not use letter suffixes to identify exhibits (e.g., designate them as Plaintiff's Exhibit 1, 2, and 3, not as 1A, 1B, and 1C).

Each party's **exhibit list** shall be accompanied by a written statement, signed by counsel for each party and state that, as to each exhibit shown on the list,

**(i)** the parties agree to the admissibility of the exhibit; or

**(ii)** the admissibility of the exhibit is objected to, identifying the nature and legal basis of any objection to admissibility and the party or parties urging the objection.

All parties shall cooperate in causing such statements to be prepared in a timely manner for filing with the exhibit lists. Counsel for the party proposing to offer an exhibit shall be responsible for coordinating activities related to preparation of such a statement as to the exhibit the party proposes to offer. This includes an obligation to make exhibits available for inspection in advance of the deadline for filing exhibit lists where a party needs to see exhibits to assess admissibility. The court may exclude any exhibit offered at trial unless such a statement regarding the exhibit has been filed in a timely manner. In addition, objections not identified in the statement may be waived. The court expects the parties to confer and agree to admit the majority of their exhibits prior to trial.

**4. Deposition-testimony designations**

Each party shall file a list of designated deposition testimony that it intends to offer at trial. Each list of deposition designations shall include any rebuttal designations by the

opposing party. Each list of deposition designations shall also include a notation of any objections to the designated deposition testimony.

5. **Jury Charge:**

The parties shall submit proposed jury instructions (annotated) and a proposed verdict form as set forth below. *Annotated* means that each proposed instruction shall be accompanied by citation to pertinent statutes, case law, or pattern instructions. It is not sufficient to submit a proposed instruction without citation to supporting authority.

(i) Counsel for plaintiff shall deliver to counsel for defendant by **[49 days before trial]** a copy of its proposed charge and verdict form.

(ii) Counsel for defendant shall deliver to counsel for plaintiff by **[42 days before trial]**: (1) a statement, prepared with specificity, of any objection to any portion of plaintiff's proposed charge and verdict form and (2) the text of all additional or modified instructions or portions of the verdict form that defendant proposes. Each objection and each such request shall be accompanied by citations of authorities supporting defendant's objection or request.

(iii) At a mutually agreed time on or before **[35 days before trial]** the lead attorneys for the parties shall meet face-to-face at either (1) a mutually agreeable place or (2) the office of counsel located closest to Tyler, Texas. At the meeting, the parties shall (1) discuss and try to resolve differences between the parties as to language to be included in the charge to the jury and (2) identify areas of disagreement that cannot be resolved. The meeting shall last long enough for the parties to meaningfully discuss all areas of disagreement and meaningfully try to reach agreement. Each attorney shall cooperate fully in all matters related to such a meeting.

(iv) On or before **[28 days before trial]**, counsel for plaintiff shall file a single document titled "Proposed Charge," which shall contain, in logical sequence, all agreed-to charge language plus each party's proposed charge language as to which agreement could not be reached. All disputed language of the proposed charge shall be (1) in bold face, (2) preceded by the name of the party proposing the language, and (3) followed by citation of authorities in favor of and in opposition to the language. Objections not stated in the Proposed Charge may be waived.

6. *Voir dire*

The parties shall file any **proposed *voir dire* questions** for the court to ask during its examination of the jury panel as an attachment to the pretrial order. The filing should note whether each question is agreed to by both parties or which party proposes the question.

7. **Trial briefs**

Trial briefs may be filed by each party by the deadline for the pretrial order. In the absence of a specific order of the court, trial briefs are not required but are welcomed. The briefing should discuss any applicable Supreme Court, federal court of appeals, or state-court authority in addressing the issues expected to arise at trial.

### Modification of scheduling order

As addressed above, this order shall control the disposition of this case unless it is modified by the court upon a showing of **good cause** and by leave of court. Fed. R. Civ. P. 16(b)(4). Any request that the trial date be modified must be made **in writing** to the Court, **before** the deadline for completion of discovery.

### Discovery disputes

A magistrate judge is available during business hours to immediately hear discovery disputes and to enforce provisions of the rules. The hotline is the best means to obtain an immediate ruling on whether a discovery request is relevant to any claims or defenses and on disputes arising during depositions. The hotline number is (903) 590-1198. *See* Local Rule CV-26(e).

Before filing a motion to compel, a motion to quash, or a motion for protection from discovery, lead counsel must confer in good faith about the dispute. If an agreement cannot be reached and counsel believe that the dispute may be quickly resolved with a call to the hotline, then counsel should call the hotline. If the dispute is not resolved by conferring in good faith or by the magistrate judge via the hotline, then a party may file an appropriate motion. Any such motion should include a certification by counsel describing the steps taken to comply with this paragraph, including whether the parties

called the hotline or why they believed that the hotline was not appropriate to resolve the dispute.

### Electronic discovery

In cases involving disputes over extensive electronic discovery, counsel for both sides shall review the court's *[Model] Order Regarding E-Discovery in Patent Cases* before contacting the hotline or filing motions to compel or to quash. Access it on the court's website under Forms | Patent Forms.

The order can be modified for use in any case in which electronic discovery is an issue, and any ruling of the court on conduct of electronic discovery may be based, at least in part, on that model order.

### Resources

The Eastern District of Texas website (www.txed.uscourts.gov) has information about mandatory electronic filing, Local Rules, telephone numbers, general orders, frequently requested cases, and the Eastern District fee schedule.

### Compliance

A party is not excused from the requirements of this scheduling order by virtue of the fact that dispositive motions are pending, the party has not completed its investigation, the party challenges the sufficiency of the opposing party's disclosure, or because another party has failed to comply with this order or the rules.

Failure to comply with relevant provisions of the Local Rules, the Federal Rules of Civil Procedure, or this order may result in the exclusion of evidence at trial, the imposition of sanctions, or both. If a fellow member of the bar makes a just request for cooperation or seeks scheduling accommodation, a lawyer will not arbitrarily or unreasonably withhold consent. However, the court is not bound to accept agreements of counsel to extend deadlines imposed by rule or court order. *See* Local Rule AT-3(j).

- 11 -

## Inquiries

Questions relating to this scheduling order or legal matters should be presented in a motion, as appropriate. For questions regarding electronic notice or electronic case files, please see the ECF FAQs on the Eastern District of Texas website.

**So ORDERED and SIGNED this 19th day of September, 2019.**

*[Signature]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE